UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PEAVEY ELECTRONICS CORPORATION                              PLAINTIFF

VS.                                    CIVIL ACTION NO. 4:10CV69TSL-LRA

MARK G. PINSKE                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff Peavey Electronics Corporation (Peavey) for preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Defendant Mark G. Pinske responded in opposition to the motion, and the court, following a hearing on the motion, concludes the motion should be denied.

As it describes itself, Peavey is one of the largest, most diversified, independently owned suppliers of musical and audio products in the world. The company was established in 1965 in Meridian, Mississippi, by Harvey Peavey, who still owns and runs the company. Defendant Mark Pinske became employed by Peavey in 2000, and during his tenure with the company, rose to the position of General Manager for the company's Commercial Audio Division, which includes the Crest Audio, MediaMatrix and Architectural Acoustics divisions of Peavey. In 2006, Peavey required that each of its managers, including Pinske, sign Employment, Confidential Information and Invention Assignment Agreements, which included a

Covenant Not to Compete that provides, in relevant part, as follows:

> I agree that during the course of my employment and for a period of eighteen (18) months immediately following the termination of my relationship with Peavey for any reason, whether with or without good cause or for any or no cause, at the option of either Peavey or myself, with or without prior notice, I will not, without the prior written consent of Peavey, (i) serve as a partner, employee, consultant, officer, director, manager, agent, associate, investor, or otherwise for, (ii) directly or indirectly own, purchase, organize or take preparatory steps for the organization of, or (iii) build, design, finance, acquire, lease, operate, manage, invest in work or consult for or otherwise affiliate myself with, any business in competition with Peavey's business. The foregoing covenant shall only cover those activities that compete with Peavey's business and those that might involve the disclosure of Peavey's Confidential Information. "Territory" shall mean the geographical areas in which Peavey does business.

In August 2009, Pinske's employment with Peavey terminated. The parties have offered different versions of the circumstances leading to termination of his employment. Peavey contends that Pinske voluntarily resigned his employment; Pinske contends that while he did *threaten* to resign, he never formally tendered his resignation, and that he was, in fact, fired. Whatever the case, the evidence establishes that following the termination of his employment with Peavey, and a further two-month period in which Pinske worked for Peavey as an independent contractor, Pinske moved to California to look for employment and in December, went to work for Radian Audio Engineering, Inc. (Radian) as its Executive Director of Sales and Marketing. Three months later, in

March 2010, Peavey filed the present action, taking the position that Pinske's employment with Radian violates Pinske's covenant not to compete. Peavey thus seeks to enjoin Pinske from working for Radian, and at this point moved for a preliminary injunction.

In his response to that motion, Pinske has raised certain issues bearing on whether this court may properly consider Peavey's motion. First, Pinske has argued that the court is precluded from considering Peavey's request for injunctive relief, and indeed, from hearing this action at all, because Radian is a "required" party under Rule 19 which has not been joined in this action, and which Peavey cannot join in this action as it is not subject to personal jurisdiction in this forum. He thus contends this action should be dismissed. See Arthur W. Tifford, PA v. Tandem Energy Corp., 562 F.3d 699, 707 (5th Cir. 2009) (stating that dismissal may be appropriate "if an indispensable party cannot be joined (because there is no personal jurisdiction or because joinder would destroy diversity of citizenship)") (citing Fed. R. Civ. P. 19(b)). However, Pinske has not shown that Radian is, in fact, a necessary or indispensable party. In MacDermid, Inc. v. Raymond Selle and Cookson Group PLC, 535 F. Supp. 2d 308, 312 (D. Conn. 2008), the court held that the current employer of a party subject to a no-compete agreement was not an indispensable party to a suit brought against the employee by his former employer seeking enforcement of the employee's agreement. In so

concluding, the court noted that a party is considered "necessary" under Rule 19(a)(1)(A) if in his absence complete relief cannot be accorded among the parties, and explained that this provision "is concerned only with those who are already parties." Id. (quoting MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 385 (2d Cir. 2006)). "In other words, as applied to this case, [the current employer] would qualify as a necessary party under Rule 19(a)(1)(A) if the court 'cannot accord complete relief' as to the parties already named in the suit." Id. Since there was no basis for concluding that complete relief could not be granted to the parties before the court, the current employer was not a "necessary" party. The court acknowledged the defendants' arguments, focused more specifically on Rule 19(a)(1)(B), that "since [the current employer] would be unable to protect its interests in federal court [if absent], it would be left with no other recourse but to bring a separate action in another court seeking a determination that it lawfully may employ [the plaintiff's former employee]." Id. In response the court wrote, "[T]his reasoning misconstrues the principles underlying Rule 19," because:

> [it] is not enough under Rule [19(a)(1)(B)] for
> a third party to have an interest, even a very
> strong interest, in the litigation. Nor is it
> enough for a third party to be adversely affected
> by the outcome of the litigation. Rather,
> necessary parties under Rule [19(A)(1)(B)]
> are only those parties whose ability to protect their
> interests would be impaired because of that

4

party's absence from the litigation.

Id. (quoting MasterCard Int'l, 471 F.3d at 387). Here, as in MacDermid, Pinske has not shown that Radian's absence from this suit will have any bearing on this court's ability to accord complete relief to the parties already in this case; the no-compete agreement will either be enforced, or it will not be enforced. The fact that Radian may have an interest that would be impaired by the outcome of this does not make it a necessary party under Rule 19(a)(1)(B). Id.[1]

Pinkse has alternatively moved this court to abstain from hearing the present action in favor of an action he and Radian have filed against Peavey in California state court seeking to have the covenant not to compete declared void and unenforceable. In support of his request for abstention, Pinske argues that his California suit against Peavey was filed prior to this action and has progressed farther than this action, and that California,

---

[1] The court would note, too, that if Radian's practical ability to protect its interest were at stake, and its interest could not be adequately protected by Pinske, it would be entitled to intervene as a matter of right under Rule 24(a), without destroying the court's diversity jurisdiction. See Ferrofluidics Corp. v. Advanced Vacuum Components, Inc., 968 F.2d 1463, 1472 (1st Cir. 1992) (noting that defendant's argument that third party was necessary party under Rule 19(a)(2)(i) because its interest would be impaired "breeds an incongruity" because if it actually were a "necessary party" under Rule 19(a)(2)(i), "then there would have been no need to resort to joinder, as NFC would also have been entitled to intervene as a matter of right under Fed.R.Civ.P. 24(a)").

5

whose laws specifically prohibit non-competition clauses as being inimical to the public's interest in freedom of movement and efficient competition, see Application Grup, Inc. V. Hunter Group, Inc., 61 Cal. App. 4th 881, 900-901 (1998) ("California has a strong interest in protecting the freedom of movement of persons whom California based employers ... wish to employ to provide service in California, regardless of the person's state of residence"), has an overriding state interest in determining the rights of a California employee to work for a California employer, and that Radian (which he contends is a "required" party under Rule 19), is a party to the California lawsuit but is not a party to this action and cannot be made a party as it is not subject to personal jurisdiction in this forum.  Pinske's request for abstention in favor of his parallel state court action is governed by Colorado River Water Conservation District v. United States, 424 U.S. 800, 813, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).  The Court in Colorado River held that federal courts have a "virtually unflagging" obligation to exercise the jurisdiction granted to them, so that the mere "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."  Id. (quoting McClellan v. Carland, 217 U.S. 268, 282, 30 S. Ct. 501, 54 L. Ed. 762 (1910)).  In "extraordinary and narrow" circumstances, however, a district court may abstain from exercising its jurisdiction.  Id. at 813

(noting that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule"). In deciding whether "exceptional circumstances" exist, the Supreme Court identified six relevant factors:

> 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

Kelly Inv., Inc. v. Continental Common Corp., 315 F.3d 494, 497 (5th Cir. 2002). The court is not to apply these factors mechanically, but is to carefully balance them "'with the balance heavily weighted in favor of the exercise of jurisdiction.'" Brown v. Pac. Life Ins. Co., 462 F.3d 384, 395 (5th Cir. 2006) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)). Applying these factors in the case at bar, it is clear that this case is not an exceptional one warranting abstention from exercise of this court's jurisdiction.

No res is involved, which weighs in favor of exercising jurisdiction. See Stewart v. Western Heritage Ins. Co., 438 F.3d 488, 492 (5th Cir. 2006) (absence of res is not neutral factor, but weighs against abstention). Litigation in California inconveniences Peavey while litigation in Mississippi inconveniences Pinske. Pinske has not suggested that abstention

7

by this court would avoid piecemeal litigation, nor does there appear any arguable basis for such a suggestion, for while avoidance of piecemeal litigation is a factor to be considered, the mere "prevention of duplicative litigation is not a factor to be considered in an abstention determination." Evanston Ins. Co. v. Jimco, Inc., 844 F.2d 1185, 1192 (5th Cir. 1988) (citing Colorado River, 424 U.S. at 817, 96 S. Ct. 1236)). This factor thus weighs against abstention. See Stewart, 438 F.3d at 492. Further, although the California suit was filed first, application of the priority factor is not measured solely by which case was filed first, but rather takes into account the relative progress that has been made in the two cases. Here, neither case has progressed much, if any, beyond the other, which weighs against abstention. See id. at 492-93 ("this factor only favors abstention when the federal case has not proceeded past the filing of the complaint"). No federal law is involved in either case, so this factor is neutral. See id. at 493. "The sixth factor is either a neutral factor or one that weighs against abstention," id., and since Peavey has not (yet) argued that the state court would not adequately adjudicate the case, this is a neutral factor. Since all of the Colorado River factors weigh against abstention or remain neutral, abstention in this case is inappropriate. The court thus proceeds to consideration of Peavey's motion for a preliminary injunction.

8

To obtain a preliminary injunction, a plaintiff must establish each of the following elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that it will suffer irreparable injury absent the injunction; (3) that the threatened injury outweighs any harm the injunction might cause the defendants; and (4) that the injunction will not impair the public interest. Enrique Bernat F., S.A. v. Guadalajara, Inc., 210 F.3d 439, 442 (5th Cir. 2000)(citations omitted). For the reasons that follow, the court concludes that plaintiff has failed to establish a substantial likelihood of success on the merits, or any of the other requisites for injunctive relief.

In response to Peavey's motion, Pinske has argued that Peavey has not shown a substantial likelihood of success on the merits for a number of reasons, including that Peavey has not demonstrated the reasonableness, necessity and purpose of the covenant not to compete, see Thames v. Davis & Goulet Ins., Inc., 420 So. 2d 1041, 1043 (Miss. 1982) (observing rule that ex-employer must demonstrate "the economic justification, the reasonableness of the restraint which is sought to be imposed," and holding that injunctive relief would not be ordered since ex-employer "did not plead in its complaint any special reason or necessity why the contract should be enforced" and "offered no proof whatever as to the reasonableness, necessity or purpose of the contractual prohibition" but "simply offered the contract and

9

proof as to alleged violations"), and that Pinske's employment with Radian did not violate the covenant not to compete since Radian and Peavey are not competitors.[2]  Both positions have merit.

In <u>Thames v. Davis & Goulet Insurance</u>, the Mississippi Supreme Court quoted <u>Arthur Murray Dance Studios of Cleveland v. Witter</u>, 62 Ohio L.Abs. 17, 105 N.E.2d 685 (1952), as detailing and amplifying somewhat the general statements of what an employer must prove to enforce post-employment restraints on competition:

```
In this type of case, heavy procedural burdens impede the
plaintiff employer. Because the restraint sought to be imposed is
one which restricts the exercise of a gainful occupation, it is a
restraint in trade.... It is cautiously considered, carefully
scrutinized, looked upon with disfavor, strictly interpreted and
reluctantly upheld .... Being a contract in restraint of trade it
is presumptively void.  The employer shoulders the burden of
proving the restraint reasonable and the contract valid.... Even
where the restraint is partial, the rule is not that it is good,
but that it may be good.... The fact that an employer has a
written agreement that the employee will not, on leaving his
employment, compete with his employer, that the employee breaks
that agreement, that the employee quits his employer, that the
employee starts working for a rival, and that the rival thereby
becomes a more efficient competitor,-all this, without more, does
not automatically entitle the employer to an injunction.... Since
this is an equitable action, the employer must establish the
standard requirements for equitable intervention....
```

---

[2] Pinske also argues that the employment contract which contained the covenant not to compete was superseded by Pinske's independent contractor contract entered with Peavey after his employment terminated, and that the employment contract is procedurally unconscionable as a contract of adhesion.  Because it concludes Peavey's motion should be denied in any event, the court does not address these arguments.

10

Thames, 420 So. 2d 1041 (quoting 105 N.E.2d at 693-94).  In this case, as in Thames, Peavey has offered no proof of the reasonableness or necessity of the covenant not to compete, in general, or as applied to Pinske's employment with Radian, and thus for this reason has not shown that the covenant is enforceable by way of injunction.  Furthermore, Peavey has failed to persuade the court, at this point, that Pinske's employment with Radian violated the agreement.  At the hearing on the motion, Peavey undertook to demonstrate that Radian is a Peavey competitor, primarily through testimony that both companies' products are in use in certain venues, and further by identifying specific Peavey products for which there is a Radian counterpart.  However, Kevin Ivey, Peavey's current General Manager of its Commercial Products Division, testified that he is unaware of any projects in which the two companies have competed for customers in the time that Pinske has worked for Radian.  Moreover, Pinske testified that while the two companies have some products that are similar, they are not competitors in any legitimate sense of that term.  For these reasons, the court concludes that Peavey has not shown the requisite likelihood of success on the merits to support its request for injunctive relief.

Although the failure to prove a substantial likelihood of success on the merits warrants denial of the motion, see Enterprise Intern., Inc. v. Corporacion Estatal Petrolera

11

Ecuatoriana, 762 F.2d 464, 472 (5th Cir. 1985) (plaintiff must prove all four elements to secure injunctive relief and failure to prove any one of them will result in denial of the motion), the court would note that Peavey has also plainly failed to establish a likelihood of irreparable harm. Peavey declares that a preliminary injunction is necessary to prevent harm to Peavey, suggesting that clients may leave Peavey because of their prior relationship with Pinske, which could result in a loss of profits. Yet it has failed to identify any harm that it has suffered in the six months that Pinske has already worked for Radian or shown that it is likely to suffer future harm as a result of Pinske's employment with Radian. It has not shown that Pinske has attempted to lure clients away from Peavey, or that it has lost any clients or is in serious danger of losing customers. For his part, Pinske made clear in his testimony that he has undertaken to avoid any such conduct. Peavey has implied that because of the lengthy time frame (anywhere from one to four years) involved in the types of projects in which its products and Radian's (allegedly competing) products are used, it may not know for months, if not years, whether Pinske's employment with Radian has caused any harm to Peavey's business. But this concession alone amply demonstrates that injunctive relief is not proper. It is not enough to show that Peavey could possibly lose business, which is all it has done; rather, Peavey must show that it will *likely*

suffer irreparable harm if an injunction is not granted. <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 375, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) (holding that plaintiffs seeking preliminary relief must demonstrate that irreparable injury is *likely* in the absence of an injunction); <u>O'Shea v. Littleton</u>, 414 U.S. 488, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974) ("a preliminary injunction will not be issued simply to prevent the possibility of some remote future injury). Furthermore, any harm must be *irreparable* to justify injunctive relief; so, even if Peavey could show that it would *likely* lose business (and hence profits) as a result of Pinske's alleged violation of his no-compete agreement, it still has not shown *irreparable* injury, since monetary loss alone does not constitute irreparable harm sufficient to justify the issuance of a preliminary injunction, <u>Enterprise Intern., Inc.</u>, 762 F.2d at 474.

Given that Peavey has failed to demonstrate that it faces any substantial threat of injury from Pinske's employment with Radian, it is hardly difficult to conclude that it has failed to show that the harm it may suffer outweighs the undeniably great harm to Pinske if the injunction is granted.

Based on all of the foregoing, it is ordered that Peavey's motion for preliminary injunction is denied.

SO ORDERED this 1st day of June, 2010.

13

```
                        /s/Tom S. Lee
                        UNITED STATES DISTRICT JUDGE
```